JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office: 907-271-2655 (1-800-859-8059 In-State) — Judge's Fax: 907-271-2692

|  |  |
|---|---|
| In re<br><br>ADAM MICHAEL MILAZZO,<br><br>Debtor(s) | Case No. A09-00866-HAR<br>In Chapter 7<br><br>MEMORANDUM FOR DENIAL OF<br>*MOTION FOR COMPLIANCE WITH DISCHARGE* |

**SUMMARY OF RULING**- The debtor moved for an order requiring a hospital creditor to "remove" a pre-petition hospital lien on the grounds it violates his discharge.[1] There is no bankruptcy law requirement that this pre-petition lien be vacated or disavowed, so failure to do so does not violate debtor's discharge. Also, the lien has already expired under the state statute.

**BACKGROUND**- Much of this background is from public records (a state criminal court,[2] an unpublished opinion of the Court of Appeals of the State of Alaska,[3] and the bankruptcy schedules) of which the court will take judicial notice.

---

[1] ECF No. 19, filed *pro se*. There is no indication the lien creditor was served with motion.

[2] State of Alaska v. Milazzo, Case No. 3AN-06-09827-CR, disclosed in the Statement of Financial Affairs in the answer to question 4. ECF No. 1.

[3] Milazzo v. State, 2011 WL 5248078 (Alaska Ct. of App. 2011) ("In a jury trial conducted by Superior Court Judge Michael Spaan, Adam Milazzo was convicted of murder in the second degree, one count of assault in the third degree, one count of assault in the fourth degree, and other offenses not relevant to this appeal. The convictions arose from an incident where Milazzo, driving while intoxicated, fled from the police, struck two patrol cars, and ultimately crashed into a truck driven by Gene Burch, who died from injuries received in the collision."). The fact of debtor's criminal conviction has no bearing or influence on the court's decision on the debtor's motion.

The lien which debtor seeks to have expunged from the state court records is a Health Care Provider Lien for $78,573.23, recorded or filed in the Anchorage Recording Distinct, document number 2006-052819-0.[4] It purports to be for an injury occurring on "7/14/2006." This is probably related to the automobile collision described in the Court of Appeals unpublished opinion as a car chase commencing "On July 13, 2006, at approximately 11:30 p.m."[5]

The online database of liens for the Alaska Department of Natural Resources Record's Office has an index for the lien showing the grantor to be Leader Insurance Company and the grantees to be Alaska Native Tribal Health Consortium *and* Alaska Native Service Center.[6] The lien itself, shows that it was filed by "Alaska Native Tribal Health Consortium, *d/b/a* Alaska Native Service Center." Presumably the hospital thought Leader Insurance Company had coverage for debtor's injuries.

The hospital lien statutes are found at AS 34.35.450-482. The court has no information about any attempted enforcement of the hospital lien that was filed some 8½ years ago. The purpose of the statute is to give a provider of health care service to a person with a traumatic injury a lien on any settlement, judgment or insurance proceeds for service provided to the injured party.[7]

**LEGAL ANALYSIS**- The simplest reason for denying debtor's motion is that the lien has expired by operation of law. AS 34.35.480(a), ***Enforcement of lien***, provides: "A lien under AS 34.35.450 - 34.35.480 may be foreclosed or enforced by an action brought by the claimant, a representative, or assignee within one year after the filing of the lien." The lien expired in 2007.

---

[4] Debtor attached a copy to his motion. ECF No. 19, Attachment E.

[5] Milazzo v. State, 2011 WL 5248078, at *1.

[6] A printout of the index is attached to this memorandum as Exhibit 1.

[7] AS 34.35.450(a), (b).

MEMORANDUM FOR DENIAL OF *MOTION FOR COMPLIANCE WITH DISCHARGE*　　　　　　　　　　　　　　　　　　　　Page 2 of 3

Even if it had not expired, pre-petition liens generally "ride-through," unaffected by the discharge. The discharge granted to an individual protects against *in personam* attempts to collect on a pre-petition debt.[8] On the contrary a valid pre-petition lien is generally still enforceable even after the debtor receives his or her discharge.[9]

The case debtor cited in a letter to the creditor, In re Parry,[10] is not on point. It involved a **post-petition** lien which was a violation of the automatic stay, a critical distinction from the **pre-petition** hospital lien which debtor seeks to have expunged in this case.

**CONCLUSION**- A separate order will be entered denying the motion. It is both unnecessary and not justified.

DATED: January 5, 2015

                          /s/ Herb Ross
                          HERB ROSS
                          U.S. Bankruptcy Judge

Serve :
-Adam M. Milazzo, ACOMS # 451785, Goose Creek Correctional Center, PO Box 877790, Wasilla, AK 99687-7790
- Alaska Native Health Care Consortium, 4315 Diplomacy Drive, Anchorage, AK 99508
- Chris Johansen, Esq., bankruptcy attorney for debtor

---

[8] 11 USC § 524(a).

[9] *Collier on Bankruptcy*, ¶ 524.02[2][d], Postdischarge Enforcement of Liens (16th Ed. Online); In re Cortez, 191 B.R. 174, 177 (9th Cir. BAP 1995) ("It is well settled that valid, perfected liens and other secured interests pass through bankruptcy unaffected.").

[10] 328 B.R. 655 (Bankr. EDNY 2005), cited at ECF No. 19, Attachment D.

MEMORANDUM FOR DENIAL OF *MOTION FOR COMPLIANCE WITH DISCHARGE*    Page 3 of 3

RO Search Menu | Name Search | Date Search | Document Number Search | Document Type Search | Book and Page Search | Historic Book Search | Plat Number Search | Survey Search | MTRS Search | Subdivision Search | Subdivision Name - No Plat Number | Doc.Input/UnverifiedStatus

### Recorder's Office - Document Display

**Selected Document:** 2006-052819-0
**In District:** 301 - ANCHORAGE

See Index Codes     Cannot view images?     Order Copy?

| | |
|---|---|
| Document Year: 2006 Number: 052819 Suf: 0 | District: 301 - ANCHORAGE |
| Date Recorded: 08/04/2006 Time: 03:14PM    Pages: 1 | |
| Index: LI - LIENS | Amount: $78,573.23 |
| Desc: NTC OF HEALTH CARE PROVIDER LIEN | |
| Grantor - MILAZZO ADAM | |
| Grantor - LEADER INSURANCE COMPANY | |
| Grantee - ALASKA NATIVE TRIBAL HEALTH CONSORTIUM | |
| Grantee - ALASKA NATIVE MEDICAL CENTER | |

All information has been displayed

Back

UCC documents are shown as "active", "inactive" or "lapsed". UCC-1 filings will show "active" for five years along with any subsequent amendments. If it is not continued in the designated time within that five year period, the status changes from "active" to "lapsed" for one year. After that one year period as "lapsed", the status changes to "inactive".

(Please Note: A "Wildcard" reference means the filing does not tie to an "active" filing; and, a filing shown as "active" does not necessarily mean effective.)

Documents are entered in nonsequential batches. Temporary document number gaps may exist in current data.

If you identify a possible indexing error (typo, reversed names, etc) or can not locate the record you are trying to find please Contact Us

All documents are provided as a public service for your convenience. Updates and corrections occur on a daily basis; however, the State of Alaska shall not incur any liability for errors or omissions with respect to the information provided on this web site.

Recorder's Office Home Page | UCC Central Home Page | Dept.of Natural Resources Home Page

Last updated on 01/05/2015.

Have a question about the Recorders Office? Please contact your district office.

Department of Natural Resources
550 W. 7th Ave. Suite 1260. Anchorage, AK 99501-3557
Phone: 907-269-8400 ⸱ Fax: 907-269-8901 ⸱ TTY: 907-269-8411

State of Alaska ⸱ © 2013 ⸱ Webmasters